[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the City of West Haven from a decision of the Connecticut State Board of Labor Relations, as a result of which the City was ordered to reinstate Michael J. Milici to the position he occupied before his dismissal and make him whole for his financial losses.
The issue, as framed by the parties at the hearing of this matter, is whether as a result of an agreement between the City and Local 1281, Communications Workers of America, the position held by Mr. Milici was admitted into the bargaining unit. If it were, his subsequent dismissal would be invalid.
The City argues that there was no such agreement because although the City and Local 1281 signed the agreement, the CWA National Representative did not do so.
The court notes that the president of Local 1281 signed both the agreement and the underlying labor contract. The contract was between the City and Local 1281. In the contract and in the CT Page 8760 course of their negotiations of the agreement, the parties used the terms "local" and "National" interchangeably. The contract makes no mention of "National," and there is no place for such a signature. Nor did a national representative sign any modifications of the contract which were were entered into prior to the agreement in question. From these and other facts and an examination of the documents, this court cannot conclude that the National was a necessary party to the agreement.
In an appeal of this nature, the court must examine the record to determine whether the findings were supported by the evidence and whether the board acted arbitrarily, unreasonably, or contrary to law. City of Norwich v. Norwich Firefighters, Et Al,173 Conn. 210 (1977).
On this record, the court finds that the board's findings were supported by the evidence. This precludes a finding that the decision was arbitrary, unreasonable, or contrary to law.
The appeal is dismissed.
ANTHONY V. DeMAYO, JUDGE